**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Jonathan M. Sperling

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1153
jsperling@cov.com

**Via ECF**                                                                     October 13, 2020

Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:   *Marjorie Kohlberg et al. v. Tom Birdsey et al.*, 20 Civ. 6250 (ALC)

Dear Judge Carter:

      We represent the "LPC Defendants."[1]  Pursuant to Your Honor's Individual Practice Rule 2.A, we write on behalf of all Defendants who have been served in this action[2] (collectively, "Defendants") to request a pre-motion conference prior to filing motions to dismiss the Plaintiffs' Amended Complaint, ECF No. 72.  The Amended Complaint not only still suffers from many of the same defects discussed in Defendants' prior letters requesting a pre-motion conference (ECF Nos. 66, 69, and 70), but also introduces new ones.  We believe a pre-motion conference is necessary to address two issues, enumerated below.

      **1. Appointment of a Lead Plaintiff Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4.**  As discussed previously (ECF No. 70), Defendants should not be required to respond to the Amended Complaint before the Court has appointed a lead plaintiff as required by the PSLRA, and an operative complaint is designated.  This is standard procedure in cases subject to the PSLRA[3]; we are not aware of *any* PSLRA case

---

[1] Defendants Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., Long Point Capital Partners III, L.P., Ira Starr, Norman Scherr, and Eric Von Stroh.

[2] The LPC Defendants and Defendants Tom Birdsey and GreatBanc Trust Company.

[3] *See, e.g.*, Stip. & Order Extending Time for Defs. to Respond to Compl., *Reinmann v. TG Therapeutics, Inc.*, No. 1:18-CV-09104 (S.D.N.Y. Nov. 7, 2018), ECF No. 14; Stip. & Order Extending Defs.' Time to Respond to the Compl., *Extract v. TAL Educ. Grp.*, No. 1:18-CV-06440 (S.D.N.Y. Aug. 17, 2018), ECF No. 12; Joint Stip. & Order Extending Defs.' Time to Respond to the Compl., *Gagnon v. Alkermes plc*, No. 1:17-CV-09178 (S.D.N.Y. Dec. 26, 2017), ECF No. 8; Stip. & Order, *In Re: Mylan N.V. Sec. Litig.*, No. 1:16-CV-07926 (S.D.N.Y. Nov. 2, 2016), ECF No. 10; Stip. & Order Extending Time to Respond to Compls., *City of Roseville Emps.' Ret. Sys. v. EnergySolutions, Inc.*, No. 1:09-CV-08633 (S.D.N.Y. Jan. 19, 2010), ECF No. 12; Stip. Extending Time of the Defs. to Answer, Move, or Otherwise Respond to Compl., *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 1:04-CV-08144 (S.D.N.Y. Nov. 24, 2004), ECF No. 8.

COVINGTON

Honorable Andrew L. Carter
October 13, 2020
Page 2

in which a defendant was required to respond to a complaint before the appointment of a lead plaintiff, nor have Plaintiffs identified one to us despite our request that they do so. Until the lead plaintiff process is complete, Defendants cannot be certain that they are responding to the operative complaint, and judicial and party resources may be expended unnecessarily.

Defendants asked Plaintiffs to consent to this relief the morning after the Court declined to schedule a pre-motion conference on Plaintiffs' original complaint due to Plaintiffs' filing of an amendment. *See* ECF No. 76. Five days later, Plaintiffs advised that they would not consent based on their position that any delay is unwarranted (Plaintiffs also asked that we attach their two-page response to this letter, but we declined).

**2. Plaintiffs' Failure to Comply with the PSLRA's Prerequisites to Appointment of Lead Plaintiffs.** Defendants previously identified Plaintiffs' failure to comply with the PSLRA's prerequisites to holding a hearing on appointment of lead counsel. *See* ECF Nos. 69 and 70. While Plaintiffs purport to have remedied those defects, they have not.

*First*, while certain Plaintiffs have now filed certifications stating that they sold stock, those certifications fail to set forth, as required, each of their transactions in the security subject to the complaint. ECF Nos. 73-1 to 73-5; *see* 15 U.S.C. § 78u–4(a)(2)(A)(iv). Specifically, the certifications fail to identify the number of shares of stock of EYP Holdings, Inc. each Plaintiff purportedly sold. This is neither an accident nor a technical defect: by failing to identify the number of shares sold, Plaintiffs are intentionally obscuring the price-per-share of the consideration that they gave up and received for each transaction—no differently than a plaintiff in a conventional stock drop action failing to identify the price at which it sold its shares.[4] Absent disclosure of this missing information, there is no basis to assess whether Plaintiffs can have any claim to damages and thus whether they are qualified to serve as lead plaintiffs.

*Second*, the notice of a purported class published by Plaintiffs is insufficient to trigger the lead plaintiff appointment process because it fails to identify the purported class period (as does the Amended Complaint). *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(I). That would be fatal on its own, since "[t]he PSLRA is unequivocal and allows for no exceptions" to these requirements, *Gutman v. Sillerman*, Nos. 15 Civ. 7192 (CM), 15 cv 8774 (CM), 2015 WL 13791788, at *1 (S.D.N.Y. Dec. 8, 2015). But the defect also goes to the heart of the lead plaintiff appointment process: a notice cannot be sufficient to "advis[e] members of the purported plaintiff class" if it does not disclose the class period that would allow them to determine *whether or not* they are members of the purported class. 15 U.S.C. § 78u–4(a)(3)(A)(i). Thus, the lead counsel appointment process cannot even begin until Plaintiffs cure these PSLRA compliance failures.

\*   \*   \*

If the Court declines to stay Defendants' time to respond to the complaint pending appointment of a lead plaintiff, Defendants intend to file motions to dismiss the Amended Complaint. In that case, Defendants request that the Court enter an order (i) identifying the operative pleading, (ii) setting a briefing schedule for Defendants' motions to dismiss, and

---

[4] Plaintiff Eijadi does not even identify the aggregate consideration received. ECF No. 73-1.

COVINGTON

Honorable Andrew L. Carter
October 13, 2020
Page 3

(iii) allowing the LPC Defendants and Birdsey each to submit an opening brief of up to 35 pages.

*First*, while Plaintiffs purported to file an Amended Complaint "as of right" on October 5, 2020, *see* ECF No. 74, Plaintiffs were not permitted as of that date to amend as of right (because the amendment was not within 21 days of either service of the complaint[5] or the service of any responsive pleading or motion), nor had Plaintiffs received leave of court to amend. Fed. R. Civ. P. 15(a). If the Amended Complaint is now to be deemed the operative pleading, we request that the Court enter an order to that effect, and deeming the amendment Plaintiffs' one amendment as of right under Rule 15(a). Plaintiffs have asked Defendants to state the following in response: Plaintiffs state that the Amended Complaint is their amendment as of right.

*Second*, if motion to dismiss briefing is going to proceed without a lead plaintiff appointed (it should not), Defendants ask that the Court enter the following briefing schedule:

- Defendants' motions due: November 13, 2020 (39 days after Amended Complaint filed)
- Plaintiffs' oppositions due: December 21, 2020 (38 days later)
- Defendants' replies due: January 15, 2021 (25 days later in light of holidays)

These time periods are reasonable and consistent with what other courts in this district have ordered in PSLRA cases,[6] especially in view of business disruption caused by COVID-19. Plaintiffs, however, seek to limit Defendants to only 25 days to respond to the Amended Complaint, while reserving 38 days for Plaintiffs' own oppositions.[7] And Birdsey believes Defendants' proposed briefing schedule to be critical (if briefing begins now) because two of the three attorneys involved in this matter since inception have been compromised: (1) a partner just entered into a mandatory 14-day COVID-19 quarantine; and (2) an associate just resigned.

*Third*, the eight LPC Defendants (who by rule are each permitted to file a separate 25-page brief) request leave to file a single consolidated opening brief of up to 35 pages. Defendant Birdsey likewise requests leave to file an opening brief of up to 35 pages. Plaintiffs do not object to these requests, but only if Defendants waive their right to incorporate portions of each others' briefs by reference. Defendants cannot agree to that condition because they have not drafted their briefs, and seek to reserve their right to incorporate by reference arguments if appropriate.

---

[5] *See* ECF No. 49 (notifying the Court on September 3 that all LPC Defendants had agreed to accept service of the complaint); ECF No. 53 (notifying the Court on September 9 that Mr. Birdsey had agreed to accept service of the complaint).

[6] *See, e.g.*, Stip. & Order ¶ 1, *Reinmann*, No. 1:18-CV-09104, ECF No. 14 (extending time to respond until "forty-five (45) days after the later of (i) the appointment of lead plaintiff, approval of lead plaintiff's selection of lead counsel, and notification by such lead counsel that no consolidated and/or amended complaint will be filed . . . ."); Stip. & Order ¶ 3, *City of Roseville*, No. 1:09-CV-08633, ECF No. 12 (similar, but allowing 60 days to move to dismiss).

[7] Plaintiffs proposed October 30 for openings (25 days after the Amended Complaint was filed), December 7 for oppositions (38 days later), and December 22 for replies (15 days later).

**COVINGTON**

Honorable Andrew L. Carter
October 13, 2020
Page 4

                                                  Respectfully submitted,

                                                  */s/ Jonathan M. Sperling*
                                                  Jonathan M. Sperling

cc: All Counsel (via ECF)