UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARJORIE KOHLBERG, et al., <br><br> *Plaintiffs*, <br><br> -v.- <br><br> TOM BIRDSEY, et al., <br><br> *Defendants*, <br><br> and, <br><br> EYP HOLDINGS, INC., and EYP GROUP HOLDINGS, INC., <br><br> *Nominal Defendants*. | Case No. 20-cv-06250 (ALC) |

**DEFENDANTS' JOINT RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR LEAD PLAINTIFF APPOINTMENT, APPROVAL OF LEAD COUNSEL SELECTION, AND ENTRY OF BRIEFING SCHEDULE**

The undersigned Defendants respectfully submit this joint response to Plaintiffs' Motion for Appointment of Them as a Lead Plaintiff Group and Approval of Their Selection of Lead Counsel, Dkt. 89.

**1.** Defendants do not oppose Plaintiffs' appointment as lead plaintiffs under 17 U.S.C. § 78u-4(a)(3)(B), or their selection of co-lead counsel, given that "[a]n investor who seeks to be appointed as lead plaintiff only needs to make a preliminary showing that it satisfies the requirements of Fed.R.Civ.P. 23," and "'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Yates v. Open Joint Stock Co. "Vimpel-Communications"*, No. 04 CIV. 9742 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (alteration in original, quoting

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).  This is without prejudice, however, to Defendants' position that class certification is inappropriate in this case.

In the unlikely event that the complaint survives Defendants' anticipated motions to dismiss, Defendants intend to oppose class certification and Plaintiffs' appointment as class representatives.  Among other things, the purported class consists of a few dozen identified individuals whose joinder is not impracticable.  And many purported class members — including most of the Plaintiffs — are differently situated from one another and are subject to unique defenses.  Defendants reserve all rights to raise these challenges at a later stage. *See Yates*, 2005 WL 1018428, at *2 (holding that Defendants' Rule 23 concerns are "are properly addressed at the class certification stage" rather than the lead-plaintiff appointment stage); *see also Metzler Asset Mgt. GMBH v. Kingsley*, 928 F.3d 151, 157–58 (1st Cir. 2019) ("nothing about lead plaintiff appointment pursuant to the PSLRA is dispositive with respect to the ultimate certification of the class and designation of a class representative" (quotation omitted)).

**2.**  Defendants *do* oppose Plaintiffs' request that the Court set a briefing schedule for any motion to dismiss now, despite Plaintiffs' intent "to seek leave to amend or supplement the Second Amended Complaint."  Dkt. 89, at 2.  It is premature to set a dismissal motion schedule before the motion for leave to amend has been filed or granted.  Plaintiffs have not shared any proposed amendment with Defendants or the Court, thus denying Defendants and the Court any opportunity to address even the propriety of leave.  *See Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 329 (S.D.N.Y. 2005) (denying leave to amend because, among other things, the plaintiff "sought a ruling from the Court on a hypothetical amended complaint that neither the Court nor defendants had seen.").

2

If this Court does grant Plaintiffs leave to amend now, Defendants request that the order specify that the Third Amended Complaint will be Plaintiffs' final amendment.  Plaintiffs' lawsuit challenges transactions that closed four or more years ago, and Plaintiffs already have had three opportunities to set forth their claims.  If Plaintiffs are given a *fourth* chance, it should be their last.  "Defendants and the Court cannot be expected to deal with a constantly shifting target, as plaintiff revises and re-revises its claims."  *Id*. at 330.

Finally, to the extent that the Court sets a briefing schedule now, Defendants request at least 60 days from the new complaint's filing to move to dismiss.  *See, e.g.*, Stipulation and Order, Dkt. 16, *Extract v. TAL Educ. Grp., et al.*, No. 1:18-CV-6440 (S.D.N.Y. Sept. 14, 2018) (affording defendants 60 days after service of amended complaint to file motions to dismiss); Stipulation and Order, Dkt. 12, *City of Roseville v. EnergySolutions*, No. 1:09-cv-08633 (S.D.N.Y. Jan. 19, 2010) (same).  Plaintiffs have indicated that the new complaint will include significant revisions, including asserting claims under ERISA for the very first time.  *E.g.*, Dkt. 90, at 14 (noting the expected addition of new claims concerning "obligations and fiduciary duties that arose on the part of Defendants under ERISA").  Such claims may add significant complexity to the case.  *See, e.g., In re Marsh ERISA Litig.*, 265 F.R.D. 128, 138 (S.D.N.Y. 2010) ("Many courts have recognized the complexity of ERISA breach of fiduciary duty company stock claims"); *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999) ("ERISA is a comprehensive and reticulated statute . . . and is enormously complex and detailed") (quotations omitted).

In the event that the Court grants Plaintiffs leave to file a Third Amended Complaint, Defendants accordingly propose the following briefing schedule for anticipated motions to

dismiss, without prejudice to Defendants' right to seek additional time or other relief after receiving a copy of Plaintiffs' new complaint:

- Opening Briefs Due:  60 days after Plaintiffs file the Third Amended Complaint.
- Opposition Briefs Due:  60 days after opening briefs are served.
- Reply Briefs Due:  30 days after opposition briefs are served.

*See* Stipulation and Order, Dkt. 12, *City of Roseville*, No. 1:09-cv-08633 (S.D.N.Y. Jan. 19, 2010) (ordering a similar 60-60-30 motion to dismiss briefing schedule); *see also* Stipulation and Order, Dkt. 16, *Extract*, No. 1:18-CV-6440 (S.D.N.Y. Sept. 14, 2018) (same, but directing lead plaintiffs to oppose dismissal within 45 days).

## CONCLUSION

For the forgoing reasons, Defendants do not oppose Plaintiffs' requested lead plaintiff appointment and lead counsel selection, but oppose Plaintiffs' request to set a briefing schedule.

Dated:  New York, New York
        January 14, 2021

Respectfully submitted,

COVINGTON & BURLING LLP

By:  */s/ Jonathan M. Sperling*
     Jonathan M. Sperling
     Christopher Y.L. Yeung
     The New York Times Building
     620 Eighth Avenue
     New York, New York 10018-1405
     (212) 841-1000
     jsperling@cov.com
     cyeung@cov.com

*Attorneys for Defendant Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., Long Point Capital Partners III, L.P., Ira Starr, Norman Scherr, and Eric Von Stroh*

WILK AUSLANDER LLP

By: */s/ Scott Watnik*
  Scott Watnik
1515 Broadway
43rd Floor
New York, New York 10036
(212) 981-2300
swatnik@wilkauslander.com

*Attorneys for Defendant Tom Birdsey*

BINDER & SCHWARTZ LLP

By: */s/ Wendy H. Schwartz*
  Wendy H. Schwartz

366 Madison Avenue, Sixth Floor
New York, NY 10017
(212) 510-7008
wschwartz@binderschwartz.com

*Attorneys for Defendant David Watkins*

BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP

By: */s/ Nick Callahan*
  Nick Callahan
Roger H. Stetson
200 West Madison Street
Suite 3900
Chicago, IL 60606
(312) 984-3100
nick.callahan@bfkn.com

*Attorneys for Defendant GreatBanc Trust Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, I caused a true and correct copy of the foregoing to be filed electronically via this Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of that system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the CM/ECF system.

/s/ *Jonathan M. Sperling*
Jonathan M. Sperling
COVINGTON & BURLING LLP