**PSD**

BOSTON    NEW YORK
www.psdfirm.com

**POLLACK SOLOMON DUFFY LLP**
101 Huntingon Avenue . Suite 530 . Boston, MA 02199
(617) 439-9800

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 06/03/2021

June 3, 2021

**By Email and First-Class Mail**
The Honorable Andrew L. Carter Jr.
United States District Judge
40 Foley Square
New York, NY 10007



Re:   *Kohlberg, et al. v. Birdsey*, et al., Case No. 1:20-cv-06250-ALC
       Request by Defendants for Extension of Page Limits

Dear Judge Carter:

  We represent the Plaintiffs in the above-captioned matter and are in receipt of Docket Entry No. 122 that provided the Defendants until June 7, 2021 to respond to Plaintiffs' request for a two-week extension from tomorrow's deadline to file their consolidated opposition to Defendants' motions to dismiss. The Order did not expressly excuse Plaintiffs from filing opposition papers tomorrow, though that seems implicit in the Order. To avoid any confusion, we seek clarification that the Court does not expect Plaintiffs to file any opposition papers tomorrow.

  We agree with Long Point that the state of settlement negotiations does not suggest that anything will come to fruition *with Long Point* in the next two weeks, but that is not the issue here concerning an extension. Plaintiffs do not understand how Long Point could be aware of the status of talks with other parties. After having carefully reviewed the parties' mediation agreement with the Honorable Robert Gerber, there is a tension between what can be disclosed, on the one hand, about the status of meet-and-confer efforts concerning an extension and, on the other hand, matters that must remain confidential within the mediation. We are permitted to state that the mediation remains ongoing.

  Our request for an extension addresses the concern that finalizing and filing a brief that addresses every argument by every defendant could be an inefficient exercise if, within two weeks, fewer defendants remain before the Court. As the Court is aware, Plaintiffs reached a resolution with Mr. Watkins, and since then have spent significant time removing arguments from drafts of the opposition brief that pertain to him. Given that the existing Scheduling Order contemplates a consolidated opposition brief, we assume the Court would prefer receiving a final

brief that addresses only the arguments by those Defendants that remain in the case after a mediation reaches an impasse. We also want to avoid tomorrow's deadline for an opposition brief somehow serving as a potential strategic event within the mediation.

Long Point suggests that Plaintiffs have enjoyed multiple amendments and significant time, but the letter it submitted earlier today paints an incomplete picture. A review of the docket reveals that Plaintiffs have made modest amendments to the Complaint, once as of right with a few new facts provided through a previously unidentified witness, once by agreement of all parties to provide a further definition of the class period, and once with leave from the Court in connection with the appointment of Plaintiffs as the Lead Plaintiff Group. In that Order, the Court did not adopt Long Point's request that no further amendments be allowed. These limited amendments all occurred *before* Defendants filed their motions to dismiss. For those motions, Defendants sought leave collectively to file in excess of 100 pages, while ultimately relying on a large volume of exhibits. With this backdrop, Long Point oddly argues that Plaintiffs have enjoyed too much time to file an opposition to motions filed on April 13, 2021, less than two months ago. Yet Long Point enjoyed *six months* between October 13, 2020, the date it filed a letter requesting a pre-motion conference on its anticipated motion to dismiss, and April 13, 2021, the date it filed its motion to dismiss. A review of its motion reveals little if any substance to the motion that depends on any allegation or legal issue different than what existed in the original Complaint. At any rate, four different sets of Defendants submitted four different sets of motion papers, quadrupling the efforts at motion papers over those six months. As a result, Plaintiffs disagree with Long Point's argument about disproportionate time preparing briefs arising from an additional two-week extension.

Under the circumstances, we seek clarification that the Court does not anticipate Plaintiffs filing what could be an interim opposition brief tomorrow and would instead expect Plaintiffs to be prepared to file papers as directed by the Court on or after June 7, 2021.

Respectfully submitted,

**The Court does not expect Plaintiffs to file an opposition brief before June 7, 2021. Plaintiffs' June 4, 2021 deadline is hereby ADJOURNED until all parties submit a response to Plaintiffs' request for an extension and the Court decides whether it should be granted.**

Barry S. Pollack

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
Dated: June 3, 2021

Anne K. Bowling